OPINION
PER CURIAM.
Appellant Donald Stewart seeks review of a final order by the United States District Court for the Middle District of Pennsylvania granting summary judgment in favor of the defendants. Because we conclude that the appeal does not present a substantial question, we will summarily affirm the District Court’s judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.
I. Background
Stewart, a state prisoner, was confined at the State Correctional Institution at Camp Hill (“SCI-Camp Hill”) from December 15, 2004, to June 27, 2005. In December 2006, he brought this pro se civil rights action pursuant to 42 U.S.C. § 1983.
In his amended complaint, Stewart alleges that unsanitary and overcrowded conditions at SCI-Camp Hill caused an epidemic of Methicillin Resistant Staphylococcus aureus (“MRSA”) infections.[1] Stewart claims that prison officials were aware of the outbreak and did not take proper precautions to minimize prisoners’ exposure to it. Stewart alleges that, as a result of these conditions, he personally became infected with MRSA; once Stewart became infected, prison officials deliberately denied him proper medical treatment and, as a result, his health deteriorated.
*293 Specifically, Stewart alleges that he first acquired a MRSA skin infection in late December 2004, in the form of a boil or abscess on his skin. When initially examined by an unnamed Physician’s Assistant, Stewart was not provided treatment. By early January 2005, Stewart’s boil burst, resulting in pain. Stewart sought emergency assistance and was seen by prison medical staff who treated the infection. Defendant Lasky informed Stewart that the infection was MRSA and prescribed an antibiotic called “Bactrim” for thirty days. In April or May 2005, Stewart contracted a second MRSA skin infection; he was again treated with Bactrim for thirty days.
Stewart further claims that, once he became infected with MRSA, prison officials acted improperly by failing to quarantine him from the general prison population. In addition, he alleges that he attempted to file a grievance concerning these events, but prison officials failed to process the grievance and thereby interfered with his access to legal remedies.[2] Stewart names as defendants: SCI-Camp Hill, Jeffrey Beard (Secretary of Corrections), Donald Kelchner (SCI-Camp Hill’s Superintendent), Doctor Lasky[3] (SCI-Camp Hill’s medical administrator and head doctor), Mr. Notarfrrancisco[4] (SCI-Camp Hill unit manager), an unnamed John Doe SCI-Camp Hill Deputy Superintendent, and an unnamed Jane Doe SCI-Camp Hill Physician’s Assistant.
Stewart claims violations of his rights as set forth in the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, as well as under Pennsylvania state law.[5] Stewart claims to have suffered both physical and emotional injuries, and seeks compensatory and punitive damages of $1.2 million, costs and fees, and injunctive relief.[6]
During the course of the proceedings, Stewart moved at least seven times for the appointment of counsel. The District Court denied each request. The District Court referred the matter to a Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act. 28 U.S.C. § 636(b)(1). In May 2007, the Magistrate Judge screened the amended complaint pursuant to the Prison Litigation Reform Act (“PLRA”) and entered a report and recommendation (“R&R”) recommending that all but two of Stewart’s claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. The Magistrate Judge recommended that two Eighth Amendment claims should proceed: the claim against Lasky for the denial of proper medical care and the claim against Kelchner concerning the conditions *294 of Stewart’s confinement. On June 1, 2007, the District Court adopted the Magistrate Judge’s R&R and dismissed all but two of Stewart’s claims.[7] The District Court remanded the two remaining Eighth Amendment claims to the Magistrate Judge for further proceedings.
After discovery, Kelehner and Lasky separately moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). On June 19, 2009, the Magistrate Judge entered two R&Rs, recommending that each summary judgment motion be granted. The Magistrate Judge concluded that Stewart failed to exhaust his administrative remedies with respect to his claim against Kelehner. The Magistrate Judge concluded that Stewart did not establish an Eighth Amendment claim against Lasky. Stewart did not object to the Magistrate Judge’s R&Rs. See Fed. R.Civ.P. 72(b)(2). On July 24, 2009, the District Court adopted the Magistrate Judge’s R&Rs, granted Kelchner’s and Lasky’s motions for summary judgment, and directed the Clerk to close the case.
Stewart filed a pro se notice of appeal. He has moved for appointment of counsel.
II. Analysis
We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[8] Our standard of review over the District Court’s grant of summary judgment is plenary. See McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir.2005).
Summary judgment is proper “if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c). An issue is genuine if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If Stewart failed to “make a showing sufficient to establish the existence of an element essential” to his case, and for which he bears the burden of proof at trial, we must affirm the entry of summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). We view the record in the light most favorable to Stewart and draw all reasonable inferences in his favor.[9] See Nicini v. Morra, 212 F.3d 798, 806 (3d Cir.2000).
We may affirm the District Court on any basis that finds support in the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir.1999). We may summarily affirm if this appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.
*295 A.
A § 1983 plaintiff must demonstrate that a person acting under the color of state law violated a right protected by the Constitution or laws of the United States. See Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir.1996). The first step is to “identify the exact contours of the underlying right said to have been violated” and to determine “whether the plaintiff has alleged a deprivation of a constitutional right at all.” County of Sacramento v. Lewis, 523 U.S. 833, 841 n. 5, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).
A failure to provide a prisoner with adequate medical treatment is a violation of the Eighth Amendment’s proscription of cruel and unusual punishment only when it results from “deliberate indifference to a prisoner’s serious illness or injury.” Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Here, Stewart essentially claims that SCI-Camp Hill’s medical personnel, including Dr. Lasky,[10] deliberately delayed treating his MRSA infections and that the prescribed treatment, a thirty-day course of Bactrim, was not appropriate to treat his condition. Assuming, as the District Court did, that Stewart exhausted his available administrative remedies prior to bringing this claim,[11] the District Court properly concluded that summary judgment was appropriate because Stewart did not establish a genuine issue for trial.
While we have no doubt that Stewart’s MRSA infections were serious medical conditions, we find nothing in the record to support Stewart’s contention that Lasky, or any of the SCI-Camp Hill medical personnel, intentionally delayed the provision of medical care, see Estelle, 429 U.S. at 104, 97 S.Ct. 285, or acted with reckless disregard to a substantial risk of serious harm to him. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). To the contrary, Stewart’s medical records reflect that Stewart received reasonably prompt treatment for both MRSA infections.[12] Nothing in Stewart’s submissions leads us to a contrary conclusion. In addition, Stew *296 art’s claim concerning the Bactrim prescription amounts, at most, to a disagreement over whether he received the best or most appropriate medical treatment for the MRSA infections. Mere disagreements between the prisoner and the treating physician over medical treatment do not rise to the level of deliberate indifference. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir.2004).
B.
In his claim against defendant Kelchner, Stewart alleged that his Eighth Amendment rights were violated because SCI-Camp Hill’s “Unit F Block” was unsanitary and overcrowded, and that these conditions led to a general MRSA epidemic and, ultimately, to Stewart’s two MRSA infections. Stewart also alleged that Kelchner had knowledge of the presence of MRSA in the facility and failed to appropriately quarantine and isolate infected prisoners in order to prevent the spread of disease. The District Court granted summary judgment in Kelchner’s favor based on a failure to exhaust administrative remedies prior to bringing suit. We agree with the District Court’s conclusion.
The PLRA requires that “[n]o action shall be brought with respect to prison conditions under Section 1983 ... or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.” 42 U.S.C. § 1997e(a). Exhaustion is mandatory. Woodford v. Ngo, 548 U.S. 81, 85, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).
In his deposition, Stewart stated that he attempted to file a grievance after he was treated for his first MRSA infection, but the grievance was not processed. The record contains a copy of this unprocessed grievance, which Stewart dated March 2005. See Docket No. 121, Attachment 3 at 4. According to Stewart’s deposition testimony, this unprocessed grievance was the only one he attempted to file while at SCI-Camp Hill, as he felt that further attempts would be futile. See Docket No. 130 at 28 (Stewart Deposition at 58-60).
Even if we accept Stewart’s claim that further administrative remedies were not “available” because his attempt to file a grievance was not properly processed, see supra, n. 11, in the March 2005 grievance, Stewart complained only of the allegedly inadequate medical treatment he received for his MRSA infection. Stewart did not make any reference to the allegedly unsanitary and overcrowded conditions that he claims gave rise to the alleged MRSA epidemic, or to any other action that he attributes to Kelchner in this § 1983 action. Because the unprocessed grievance did not raise Stewart’s claim against Kelchner, it cannot provide a basis for concluding that he exhausted his available remedies as to this claim.
Instead, the record reflects that Stewart first raised his complaints concerning the allegedly unsanitary conditions at SCI-Camp Hill via a grievance filed in December 2006, more than a year and a half after his transfer out of that institution. That grievance was denied as untimely.[13] An untimely “or otherwise *297 procedurally defective administrative grievance or appeal” does not satisfy the mandatory exhaustion requirement. Woodford, 548 U.S. at 83, 126 S.Ct. 2378; Spruill, 372 F.3d at 231. Stewart responds by arguing that his failure to file a timely grievance should be excused because any attempt would have been futile in light of the facility’s alleged failure to process his first grievance. However, we do not recognize a futility exception to the PLRA’s mandatory exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir.2000).
Stewart never raised his claim concerning the allegedly unsanitary and overcrowded conditions at SCI-Camp Hill by attempting to timely file a grievance raising the issue. The District Court therefore appropriately granted summary judgment in Kelchner’s favor on this unexhausted claim.
III. Conclusion
We have closely reviewed the record and conclude that there is no substantial question to be presented on appeal. We will therefore summarily affirm the District Court’s judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Stewart’s motions for the appointment of counsel and motion for an extension of time are denied as moot.

. MRSA is "a drug-resistant strain of staph bacteria. MRSA is only susceptible to a limited number of antibiotics, but most MRSA skin infections can be treated without antibiotics by draining the sores. MRSA can be spread through direct contact with infected individuals or through contact with materials that have been exposed to the bacteria. Conditions frequently associated with corrections facilities-including overcrowding, shared facilities, and close contact between inmates-can increase the risk of spreading. Unsanitary conditions can exacerbate the problem.” Kaucher v. County of Bucks, 455 F.3d 418, 421 (3d Cir.2006).

. Stewart alleges that, after following up on the unprocessed grievance, he filed a grievance subsequent to his transfer out of SCI-Camp Hill, in December 2006. He states that he exhausted his administrative remedies for the December 2006 grievance.

. In the amended complaint, Lasky’s name was misspelled "Lansyki.”

. In the amended complaint, Notarfrancisco’s name was misspelled “Fransico.”

. Stewart’s amended complaint also alleged that his sentence and conviction are wrongful, unconstitutional and illegal. To the extent that Stewart attempted to directly attack the fact of his underlying conviction, the District Court properly concluded that the claim should have been brought in a petition for a writ of habeas corpus. See Nelson v. Campbell, 541 U.S. 637, 643, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004); Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

.To the extent Stewart seeks injunctive relief based upon conditions at SCI-Camp Hill, the claim has been rendered moot by his transfer out of that institution. See Sutton v. Rasheed, 323 F.3d 236, 248-49 (3d Cir.2003); Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir.1993).

. Stewart filed an interlocutory appeal to this Court. We dismissed that appeal for lack of appellate jurisdiction. See Stewart v. Kelchner, C.A. No. 07-3821. In this appeal, we have reviewed the § 1915(e) dismissal of these claims and find no error in the District Court's decision.

. Stewart's notice of appeal was prematurely filed; it appears on the docket immediately before the District Court's July 24, 2009, order dismissing the remaining claims and closing the case. However, because the District Court entered its final order prior to our consideration of the case and because there has been no allegation of prejudice to any party, we conclude that the notice of appeal is effective as of the date of the District Court's final order. See Cape May Greene, Inc. v. Warren, 698 F.2d 179, 185 (3d Cir.1983); see also Lazy Oil Co. v. Witco Corp., 166 F.3d 581, 585-86 (3d Cir.1999). We therefore exercise appellate jurisdiction over this matter.

.In light of the fact that Stewart was acting pro se, we hesitate to adopt the District Court's approach of accepting the defendants' statement of material facts as uncontested solely because Stewart failed to submit a paragraph-by-paragraph response.

. Lasky provided Stewart treatment for the first MRSA infection, but retired from SCI-Camp Hill in March 2005 and was not involved in treating Stewart's second MRSA infection. The District Court dismissed Stewart's medical treatment claims against other, unnamed medical personnel under § 1915(e)(2)(B). Accepting Stewart's allegations as true, see Tourscher, 184 F.3d at 240, we see no basis for a claim that any (unidentified) medical personnel acted with deliberate indifference in violation of Stewart's Eighth Amendment rights. We therefore find no error in the District Court's decision to dismiss those claims.

. Stewart claims to have attempted to submit a grievance that was not processed and therefore not exhausted. See Docket No. 130 at 28 (Stewart Deposition at 58-60); see also Docket No. 121, Attachment 3 at 4 (March 2005 grievance form). While prisoners must exhaust all "available” remedies, 42 U.S.C. § 1997e(a); Camp v. Brennan, 219 F.3d 279, 281 (3d Cir.2000), an administrative remedy may be found to be unavailable where a prisoner is prevented by prison authorities from pursuing the prison grievance process. See e.g., Camp, 219 F.3d at 280-81; Brown v. Croak, 312 F.3d 109, 112 (3d Cir.2002). Thus, there is at least arguably a disputed issue as to whether the grievance process was "available" to Stewart while at SCI-Camp Hill. See e.g., Camp v. Brennan, 219 F.3d 279, 280-81 (3d Cir.2000); Brown v. Croak, 312 F.3d 109, 112 (3d Cir.2002).

.Stewart specifically complains of a delay of a few days between his initial examination by a nurse and his subsequent diagnosis and treatment by Lasky. Even if this apparently brief delay in initial treatment could qualify as negligence, an issue we need not address, Stewart put forth nothing to establish that it rose to the level of deliberate indifference. See Estelle, 429 U.S. at 106, 97 S.Ct. 285.

. As the District Court observed, SCI-Camp Hill's grievance procedures required Stewart to file a grievance concerning prison conditions within fifteen days of the alleged incident. See DC-ADM 804. Even assuming the objectionable conditions existed during his entire time at SCI-Camp Hill, Stewart would have had to file his grievance at the latest within fifteen days of his transfer out of SCI-Camp Hill.